# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200

NEW YORK
HONG KONG
LONDON
SEOUL
SHANGHAI
TEL AVIV
MIAMI
SAN FRANCISCO
WASHINGTON DC
BVI
CAYMAN ISLANDS

August 21, 2019

**BY ECF**
The Honorable Mae A. D'Agostino
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

Re:   *The City of Amsterdam v. Purdue Pharma L.P.*, **Case No. 1:19-cv-00896 (MAD/CFH)**

Dear Judge D'Agostino:

On behalf of Express Scripts, Inc.; CVS Health Corporation; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark, L.L.C.; CaremarkPCS, L.L.C.; UnitedHealth Group Incorporated; Optum, Inc.; OptumRx, Inc.; Prime Therapeutics, LLC; Navitus Holdings, LLC; and Navitus Health Solutions, LLC (collectively, the "Moving Defendants"), we submit this letter in opposition to the Plaintiff's letter motion requesting an expedited hearing and abbreviated briefing schedule on Plaintiff's motion to remand. Dkt. No. 35.

There is no urgency or merit to Plaintiff's motion to remand. The only reason Plaintiff seeks to rush resolution of its remand motion is to evade the Judicial Panel on Multidistrict Litigation's ("JPML") likely order transferring this lawsuit to *In re National Prescription Opiate Litigation*, MDL 2804 (N.D. Ohio 2017) ("Opiate MDL"). To date, more than 2,000 cases have been transferred to, or filed in, the Opiate MDL. There are numerous cases in the Opiate MDL with overlapping or nearly identical issues to this action, many of which originated in New York.

A conditional transfer order ("CTO") by the JPML is not a basis for expediting resolution of Plaintiff's remand motion. Instead, it provides a basis for exactly the opposite action: the issuance of the CTO strongly counsels deferring resolution of the motion to remand until the JPML issues its final decision on whether to transfer this action to the Opiate MDL.[1] This is especially true where, as here, the precise jurisdictional issues—removal under theories of severance and

---

[1] The Moving Defendants intend to move for a temporary stay of these proceedings pending final ruling by the JPML.

The Honorable Mae A. D'Agostino
August 21, 2019
Page 2

fraudulent misjoinder—have already arisen in cases transferred to the Opiate MDL and are before Judge Polster. Such issues should be resolved in a consistent manner by the Opiate MDL Court. *See North v. Merck & Co.*, No. 05-cv-6475L, 2005 WL 2921638, at *2 ("[T]he objectives of the MDL process—namely the avoidance of inconsistent rulings and the conservation of judicial resources—are best met by allowing the MDL Court to decide the plaintiff's motion to remand.").

Plaintiff's motion to expedite thus fundamentally misconstrues JPML procedures and the purpose of a CTO. Accordingly, the Court should deny Plaintiff's motion.

**Background**

Plaintiff commenced this action on June 25, 2019. On July 23, 2019, the Moving Defendants removed this action to this Court, based on diversity jurisdiction under 28 U.S.C. §§ 1441, 1332, and 1446. *See* Dkt. No. 1. On August 16, 2019, Plaintiff moved to remand this case to state court. *See* Dkt. No. 34. That same day, Plaintiff filed its letter motion for an expedited hearing on its motion to remand. *See* Dkt. No. 35.

This action involves allegations against manufacturers, distributors, pharmacies, pharmacy benefit managers, and others arising from the sale, marketing, and distribution of prescription opioid medications. This action is similar to thousands of cases that are pending in the Opiate MDL, which the JPML established on December 5, 2017. Accordingly, after receiving the Moving Defendants' notification of this case, the JPML conditionally transferred this case to the Opiate MDL on July 31, 2019, pending the JPML's final determination on transfer. *See* Conditional Transfer Order, *In re Nat'l Prescription Opiate Litig.*, MDL 2804 (J.P.M.L. July 31, 2019), Dkt. No. 5095. Plaintiff objected to the conditional transfer on August 6, 2019, and briefing is expected to be completed by September 19, 2019. *See* Text Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. August 8, 2019), Dkt. No. 5182. The JPML will likely make a final decision on or shortly after the next bimonthly hearing date of December 5, 2019.

**There is No Urgency to Plaintiff's Motion to Remand and Plaintiff's Motion to Expedite Should Be Denied.**

Plaintiff's motion to expedite should be denied because there is simply no urgency here. Plaintiff argues that the resolution of its motion to remand should be expedited for the sole reason that "[t]he case has now been included on" CTO 105, and "[u]nless a decision is entered on the jurisdictional matters raised by Plaintiff's remand motion before the next JPML hearing, Plaintiff will be subject to a court without jurisdiction over its action." Dkt. No. 35 at 2.

But the issuance of a CTO is standard and routine under the JPML rules and is not a basis for expediting resolution of Plaintiff's motion to remand. To the contrary, the issuance of the CTO signals that the case should be transferred to the Opiate MDL because it appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." *See* Conditional Transfer Order, *In re Nat'l Prescription Opiate Litig.*, MDL 2804 (J.P.M.L. July 31, 2019), Dkt. No. 5095. The JPML, alone, has issued hundreds of CTOs for the Opiate MDL since last year and continues to do so on a daily basis.

Moreover, there is no merit to Plaintiff's argument that "[a] transfer of the case to the federal court, especially into an MDL, will . . . severely prejudice Plaintiff." *See* Dkt. No. 35 at 2. To the contrary—the prejudice to the Moving Defendants absent a brief stay outweighs any perceived or potential prejudice to Plaintiff.

The Honorable Mae A. D'Agostino
August 21, 2019
Page 3

If this action is transferred to the Opiate MDL, Plaintiff can raise any jurisdictional objections to the MDL Court. And in the unlikely event that the JPML does not transfer this case to the Opiate MDL, this Court can hear and decide any jurisdictional objections raised by Plaintiff at that time. "The question is not whether there will be a decision on the jurisdictional issue, but rather which court is in the best position to decide it—this Court or the MDL [C]ourt." *Med. Soc'y of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001).

Here, judicial economy strongly counsels in favor of the Opiate MDL Court deciding these issues. Over one hundred cases removed on the basis of diversity jurisdiction, under theories of fraudulent misjoinder or severance, are currently pending before the Opiate MDL Court. In these cases, as discussed more fully in the forthcoming motion to stay, district courts across the country routinely issued a stay of proceedings. *See* Order at 2-3, *Franklin Cty. v. Purdue Pharma L.P.*, No. 7:19-cv-00302 (W.D. Va. May 1, 2019) Dkt. No. 33 ("this case and those like it present issues of national importance with national implications . . . [i]n the interest of judicial economy and to achieve uniform disposition of the issues central to these cases, the court will exercise it discretion to forego consideration of Franklin County's [remand] motion[] so that the JPML may adjudicate the objections to transfer of these cases"). The rationale is simple: where a jurisdictional issue "is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," and "involves common questions of law and fact," "[c]onsistency as well as economy is . . . served" by having the jurisdictional objections "heard and resolved by a single court . . . ." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

Finally, although the coordinated action, *In re Opioid Litigation*, Index No. 400000/2017 (N.Y. Sup. Ct. 2017), is pending in Suffolk County Supreme Court, none of the dozens of actions being litigated therein involves the Moving Defendants—thus, no case management or pretrial proceedings have commenced relating to the Moving Defendants. Conversely, the Moving Defendants have been litigating virtually identical claims in the Opiate MDL, many of which originated in New York or were brought by New York plaintiffs, for nearly nineteen months, and are named defendants in the second bellwether track established by Judge Polster. The Moving Defendants should not be forced to engage in unnecessary and duplicative discovery and motion practice, or to risk inconsistent rulings on important jurisdictional issues. *See North*, 2005 WL 2921638, at *2 ("Although plaintiff claims that she will suffer prejudice by imposition of the stay . . . the risk of hardship to [the Defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to her.").

Accordingly, any delay in a ruling on a decision to remand is far outweighed by the hardship to the Moving Defendants and risk of inconsistent rulings. For the foregoing reasons, Plaintiff's motion for expedited treatment of its remand motion should be denied.

The Honorable Mae A. D'Agostino
August 21, 2019
Page 4

                                                Respectfully submitted,

                                                s/ Alexandria E. Swette
                                                +1 212 488 1200

cc:  All Counsel of Record (via ECF)