**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CITY OF AMSTERDAM,**

                                  **Plaintiff,**

   vs.                                               1:19-CV-896
                                                       (MAD/CFH)

**PURDUE PHARMA L.P.**, *et al.*,

                                  **Defendants.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**NAPOLI SHKOLNIK PLLC**             **HUNTER J. SHKOLNIK, ESQ.**
400 Broadhollow Road, Suite 305      **PAUL J. NAPOLI, ESQ.**
Melville, New York 11747
Attorneys for Plaintiff

**KOBRE, KIM LAW FIRM**               **ALEXANDRIA SWETTE, ESQ.**
800 Third Avenue                         **MATTHEW I. MENCHEL, ESQ.**
New York, New York 10022             **STEVEN G. KOBRE, ESQ.**
Attorneys for Defendants

**KOBRE, KIM LAW FIRM**               **ADRIANA RIVIERE-BADELL, ESQ.**
201 South Biscayne Boulevard
19th Floor Ste. 19000
Miama, Florida 33131

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, the City of Amsterdam ("Plaintiff"), commenced this action on June 25, 2019, with the filing of a complaint in state court. *See* Dkt. No. 2. Defendants subsequently removed this action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1132, 1441 & 1446. *See* Dkt. No. 1. Upon removal, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred this action to the *In re National Prescription Opiate Litigation*, MDL

2804 (N.D. Ohio 2017) ("Opiate MDL").  *See* Dkt. No. 1-1; *In re Nat'l Prescription Opiate Litig.*, MDL 2804, Dkt. No. 2484 (J.P.M.L. July 31, 2019).  Thereafter, Plaintiff objected to the conditional transfer.  *See* Dkt. No. 35 at 2; Dkt. No. 41 at 2.  The parties anticipate a final decision regarding transfer to the Opiate MDL following a JPML hearing session in early December.  *Id.*

On August 16, 2019, Plaintiff filed a motion to remand this action to state court, along with a request for an expedited hearing and briefing schedule on its motion.  *See* Dkt. Nos. 34 & 35.  On August 29, 2019, Defendants Express Scripts, Inc. and Value Drug Company filed responses in opposition to the motion to remand.  *See* Dkt. Nos. 57, 59.  Defendants Express Scripts, Inc., CVS Health Corporation, Caremark Rx, LLC, CaremarkPCS Health, LLC, CaremarkPCS, LLC, UnitedHealth Group Incorporated, Optum, Inc., OptumRx Inc., Prime Therapeutics LLC, Navitus Holdings, LLC, and Navitus Health Solutions, LLC, submitted a letter in opposition to the request for an expedited hearing and briefing schedule.  *See* Dkt. No. 41.  On August 29, 2019, Defendants Defendants Express Scripts, Inc., CVS Health Corporation, Caremark Rx, LLC, CaremarkPCS Health, LLC, CaremarkPCS, LLC, UnitedHealth Group Incorporated, Optum, Inc., OptumRx Inc., Prime Therapeutics LLC, Navitus Holdings, LLC, and Navitus Health Solutions, LLC ("Defendants") filed a motion to stay all proceedings pending a final decision from the JPML regarding transfer of this action to the Opiate MDL.  *See* Dkt. No. 56.  On September 11, 2019, Plaintiff filed a response in opposition to Defendants' motion to stay.  *See* Dkt. No. 62.

Currently before the Court is Defendants' motion to stay this action pending a final decision from the JPML.  *See* Dkt. No. 56.  For the following reasons, Defendants' motion to stay is granted.

## II. BACKGROUND

In 2017, the JPML formed the Opiate MDL to coordinate the resolution of numerous opioid-related actions then pending in federal courts throughout the United States. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017). The plaintiffs in the actions are

> cities, counties and states that allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates.

*Id*. Since the creation of the Opiate MDL, over 1,700 cases have been transferred for multidistrict consideration. *See In re Nat'l Prescription Opiate Litig.*, MDL 2804, Dkt. No. 2502 (J.P.M.L. Aug. 22, 2019). As discussed, upon removal of the instant action, the JPML conditionally transferred this action to the Opiate MDL. *See* Dkt. No. 1-1; *In re Nat'l Prescription Opiate Litig.*, MDL 2804, Dkt. No. 2484 (J.P.M.L. July 31, 2019). Plaintiff opposed the transfer and the parties await a final decision from the JPML regarding whether the action will be transferred to the Opiate MDL. *See* Dkt. No. 62 at 7.

Defendants move for a temporary stay of this matter pending a decision from the JPML regarding the transfer of the action to the Opiate MDL. *See* Dkt. No. 56-1 at 5. Specifically, Defendants argue that a stay is necessary to promote judicial economy and that any prejudice suffered by Plaintiff as a result of the stay would be far outweighed by the prejudice suffered by Defendants should its motion be denied. *See id*. at 11-16. Contrastingly, Plaintiff argues that it will suffer irreparable harm if Defendants' motion is granted, arguing that a stay would preclude Plaintiff from litigating this matter in the Consolidated New York action currently pending in

Suffolk County Court. *See* Dkt. No. 62 at 8-9. Further, Plaintiff argues that a stay is contrary to the interests of judicial economy as it would delay the resolution of the case. *See id*. at 9.

### III. DISCUSSION

"The principle purpose of MDL is to avoid piecemeal litigation and coordinate pretrial proceedings." *Pierre v. Prospect Mortg., LLC*, No. 1:13-CV-453, 2013 WL 5876151, *2 (N.D.N.Y. Oct. 31, 2013) (citation omitted). "Courts within this Circuit frequently stay a case where there is a motion to transfer to a multi district litigation court pending before that court." *Xchange Telecom Corp. v. Sprint Spectrum*, No. 1:14-CV-54, 2015 WL 6829049, *2 (N.D.N.Y. Nov. 6, 2015) (citations omitted); *Pierre*, 2013 WL 5876151, at *2 (collecting cases).

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he decision whether to issue a stay is [therefore] 'firmly within a district court's discretion.'" *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)). "'How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Louis Vuitton*, 676 F.3d at 97 (quoting *Landis*, 299 U.S. at 254-55); *see also Ofosu v. McElroy*, 98 F.3d 694, 699 (2d Cir.1996) ("A request for a stay is an appeal to equity.").

In deciding whether to stay proceedings, courts in the Second Circuit have examined the following five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously
> with the civil litigation as balanced against the prejudice to the
> plaintiffs if delayed; (2) the private interests of and burden on the

> defendants; (3) the interests of the courts; (4) the interests of
> persons not parties to the civil litigation; and (5) the public interest.

*Finn v. Barney*, No. 08-CV-2975, 2008 WL 5215699, *2 (S.D.N.Y. Dec. 8, 2008) (citing *Volmar Distrib. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)); *see also LaSala*, 399 F. Supp. 2d at 427; *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "In balancing these . . . factors on a case-by-case basis, 'the basic goal is to avoid prejudice.'" *LaSala*, 399 F. Supp. 2d at 427 (quoting *Kappel*, 914 F. Supp. at 1058).

Plaintiff claims that it would suffer irreparable harm if Defendants' motion to stay is granted. *See* Dkt. No. 62 at 8. Specifically, Plaintiff argues that transfer of this action to the MDL would only delay resolution of this matter and preclude Plaintiff from litigating this action in the Consolidated New York action. *See id*. at 8-9. The Court recognizes that Plaintiff has an interest in proceeding expeditiously with its litigation. However, a brief stay pending a decision by the JPML after its December 5, 2019 hearing would hardly preclude Plaintiff from litigating its claims in the Consolidated New York action should the JPML elect not to transfer this action. If the action is transferred, Plaintiff's motion to remand will be heard in the Opiate MDL. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). If the action is not transferred, the Court will decide Plaintiff's motion in due course. Plaintiff's claim that a decision on its motion to remand must be issued immediately so that this action can be litigated in the Consolidated New York action beginning in March 2020 is not entirely accurate. *See* Dkt. No. 34-1 at 10. This case, if added to the Consolidated New York action, would become part of the second bellwether track and go to trial no sooner than February 2021. *See* Dkt. No. 57-7 at 6. Thus, a short stay pending a decision from the JPML would not prejudice Plaintiff as its motion to remand would undoubtedly be decided before the Track Two cases in the Consolidated New York action reach an advanced stage of litigation. Contrastingly, if the Court denies Defendants' motion to stay, Defendants

would be required to litigate nearly identical actions in multiple forums. Defendants have been litigating similar claims in the Opiate MDL for approximately eighteen months. *See* Dkt. No. 56-1 at 14. Denying Defendants' motion would undoubtedly result in duplicative motion practice and run contrary to the interests of judicial economy.

Plaintiff further argues that this action was improperly removed to federal court and that transfer of this case to the Opiate MDL would severely prejudice Plaintiff and promote ineffective determination of this action. *See* Dkt. No. 62 at 6-7. A determination regarding whether this case was improperly removed to federal court requires an examination of the issue of fraudulent misjoinder. Currently pending before the Opiate MDL are a number of cases that involve issues of diversity jurisdiction, fraudulent misjoinder, and severance. *See In re Nat'l Prescription Opiate Litig.*, MDL 2804 (J.P.M.L. Aug. 22, 2019).

The Second Circuit has stated that certain cases are "particularly well-suited for multidistrict transfer, even where their presence in federal court is subject to a pending jurisdictional objection." *In re Ivy*, 901 F.2d at 9. When a jurisdictional issue is "easily capable of arising in hundreds . . . of district courts throughout the nation . . . [and] involve[ ] common questions of law and fact . . . there are real economies in transferring such cases to [the MDL]." *Id*. (citations omitted). Following transfer, "the jurisdictional objections can be heard and resolved by a single court." *Id*. "Consistency as well as economy is thus served." *Id*.

As other courts considering issues of fraudulent misjoinder have stated, "both judicial economy and consistency are served by allowing a single court – the Opiate MDL court – to address the jurisdictional issues." *City of Galax, Virginia v. Purdue Pharma, L.P. et al.*, No. 7:18-CV-617, 2019 WL 653010, *4 (W.D. Va. Feb. 14, 2019). This case, and others like it, are complex and present questions of national importance, necessitating judicial efficiency and

consistency. Thus, the Court finds that a stay pending the JPML's decision regarding transfer of this action would advance the interests of judicial economy.

Finally the Court finds that staying this action is in the best interest of the courts, non-parties, and the public because it promotes the efficient use of judicial resources and "minimiz[es] the possibility of conflicts between different courts."[1] *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999). Permitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources. Thus, for the reasons stated above, and because Plaintiff would not suffer undue prejudice as a result of the short delay, Defendants' motion to stay is granted. Accordingly, this action is stayed pending a decision the JPML regarding transfer to the Opiate MDL.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to stay (Dkt. No. 56) is **GRANTED**; and the Court further

**ORDERS** proceedings in this Court, including Plaintiff's motion to remand (Dkt. No. 34), are **STAYED** pending final decision regarding transfer of this action by the JPML; and the Court further

---

[1] District courts across the country have stayed similar proceedings, stating in relatively short orders that the judicial efficiency and uniformity justify the issuance of a stay. *See City of Ogdensburg v. Purdue Pharma L.P.*, No. 8:19-CV-782, Dkt. No. 79 (N.D.N.Y. Sept. 10, 2019); *City of Saratoga Springs v. Purdue Pharma L.P.*, No. 1:19-CV-789, Dkt. No. 79 (N.D.N.Y. Sept. 10, 2019); *Dinwiddie County, Virgina v. Purdue Pharama, L.P.*, No. 3:19-CV-242, 2019 WL 2518130, *2 (E.D. Va. June 18, 2019) (collecting cases).

**ORDERS** that Plaintiff's motion for an expedited hearing schedule (Dkt. No. 35) and Plaintiff's motion requesting denial of Defendants' motion to stay are **DENIED as moot**; and the Court further

**ORDERS** that the parties are hereby directed to contact the Court when the JPML issues its decision and that any party may reopen the action by advising the Court in writing that a transfer decision has been made; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 11, 2019
       Albany, New York

Mae A. D'Agostino
U.S. District Judge